## URIAH M. WHITE
### V.
## RICHARD A. CULTER.

1. STATUTE CONSTRUED.—Sec. 51, Ch. 77, R. S. 1874, subjects the property of the debtor in the custody of the law, under prior writs, to levy under subsequent writs of attachment or execution, whether the same were or could be placed in the hands of the same officer or not, thus giving creditors priority according to their diligence, in any interest the debtor may have in goods after the satisfaction of the prior lien.

2. WHAT LEVY WILL SATISFY THE LAW.—As the law will not permit the officer holding the subsequent writ to take the goods into his own control to the exclusion of the officer, in whose possession they are, the best levy admissible under the circumstances, will satisfy the law.

3. NOTIFICATION OF WRIT—INDORSEMENT OF LEVY.—A notification of the writ of attachment by the officer holding the subsequent writ, to the officer in possession of the goods, and an indorsement of the levy will satisfy the law. The officer holding the goods will be treated as the custodian of the officer holding the subsequent writ, as to any surplus after the satisfaction of the execution.

ERROR to the County Court of Peoria county; the Hon. JOHN C. YATES, Judge, presiding. Opinion filed December 28, 1882.

This cause was submitted to the county court upon an agreed state of facts as follows :

" It is agreed by and between Richard A. Culter and U. M. White, that the following are the facts upon which U. M. White and the Isaac Walker Hardware Co. respectively claim

White v. Culter.

priority as to certain funds in the hands of said R. A. Culter.

On the 30th day of December, 1881, R. A. Culter & Co. obtained a judgment for $926 against J. H. Kruse in the Circuit Court of Tazewell county, and on the same day execution issued thereon and came to the hands of the sheriff of Peoria county to execute. On the 13th day of February, 1882, said sheriff levied said execution on all the goods of the defendant Kruse, and took them into possession, and put his custodian in charge thereof. On the following day, the 14th, the said U. M. White sued out an attachment writ before B. Bailey, justice of the peace, against the same defendant Kruse, and delivered the same to one R. E. Hodges, a constable, to execute; and the said constable the same day indorsed on said writ a levy of the same goods and appointed as his custodian the same individual as the sheriff had previously appointed.

That said White afterward obtained judgment in said suit for $200, and a special execution for the sale of the property was delivered to Constable Hodges.

On the following day, to wit, the 15th day of February, 1882, the Isaac Walker Hardware Co. obtained a judgment and execution thereon against the defendant Kruse, in the County Court of Peoria county; and the said execution the same day came to the hands of the sheriff having the Culter execution, and was by him on that day levied on the same goods, and the same placed in the hands of the same custodian.

The goods were since sold for more than $200 in excess of the Culter judgment; and by consent of all the parties the proceeds were put into the hands of R. A. Culter for distribution according to the legal rights of the parties, that is to say, their legal priorities.

And it is further stipulated and agreed that if it be decided that U. M. White has the legal priority over the Isaac Walker Hardware Company, judgment shall be rendered for the plaintiff for $200; and if it be decided that the Isaac Walker Hardware Company has the legal priority over U. M. White, the judgment shall be for the defendant.

The court rendered judgment for the defendant below, and the plaintiff brings the record to this court.

Messrs. PUTERBAUGH & PUTERBAUGH, for plaintiff in error; cited R. S. Ill. 1872, Chap. 77, § 51.

A valid levy by an officer under one writ, is a good and sufficient levy for all writs then in his hands, and inures to the benefit of all such executions or attachments, as are liens during the life of the first writ. No further seizure need be made: Leach v. Pine, 41 Ill. 70; Herman on Executions, § 174.

It is not the intention of the statute that all the executions be placed in the hands of the same officer, in order to obtain benefit of marshaling the proceeds: R. S. Ill. 1872, Chap. 77, § 51.

Messrs. JAMES, JACK & MOORE, for defendant in error; that an attachment can have no force until actually levied, cited Drake on Attachment, § 221; Waterman on Trespass, § 452.

It is the essence of a levy that property levied upon shall be in actual control of officer having writ: Minor v. Herriford, 25 Ill. 346; Hawley v. Lowrey, 30 Ill. 446; Davidson v. Waldron, 31 Ill. 120; Drake on Attachment, § 256.

The property must be taken into actual possession and custody of officer in such way as to exclude all others: Waterman on Trespass, §§ 452–518; Freeman on Executions, §§ 262 –268; Herman on Executions, § 158.

A valid levy can not be made on goods in the hands of another officer: Drake on Attachment, §§ 267–269; Herman on Executions, § 135; Burroughs v. Wright, 16 Vt. 620.

The words " if an attachment has been made " refer to a valid attachment: R. S. Ill. 1872, Chap. 77, § 51.

As to cases the statute was intended for: Rogers v. Dickey, 1 Gilm. 636.

Questions of priority in writs are to be strictly construed: Drake on Attachment, § 262.

As to construction of words in a statute: Phœbe v. Jay, Breese, 207; Nance v. Howard, Breese, 183; City of Beardstown v. City of Virginia, 76 Ill. 34.

A constable can not make an attachment on goods already

in the custody of the law, so as to give him priority over a subsequent execution, levied according to law: Watson v. Todd, 5 Mass. 271; Vinton v. Bradford, 13 Mass. 114; Thompson v. Marsh, 14 Mass. 269; Leach v. Pine, 41 Ill. 65; Hollister v. Goodale, 8 Conn. 332; Adler v. Roth, 5 Fed. Rep. 895.

PILLSBURY, P. J.　The only question raised by this record is whether the levy of the attachment writ in favor of the appellant was sufficient to create a lien upon the goods then in the hands of the sheriff by virtue of the execution in favor of Culter & Co.

While counsel for appellant concede that an attachment lien can only arise from a valid levy and that the general rule is, that in order to make such levy against subsequent lien creditors or purchasers upon personal property, the officer should obtain actual control of it. They contend that Sec. 51, Ch. 77, R. S. 1874, modifies the rule between attachment and execution creditors as to their priority of lien either to the goods or funds derived from sale under a prior execution.

That section provides, "If the goods or chattels sold on execution have been attached by another creditor, or seized on another execution, either by the same or any other officer, or if before the payment of the residue, after the satisfaction of such execution to the debtor, another writ of attachment or execution against him is delivered to the officer who made the sale, the proceeds of the sale shall be applied to the discharge of the several judgments in the order in which the respective writs of attachment or execution become a lien or are entitled by law to share, and the residue, if any, shall be returned to the debtor or his assigns."

We agree with counsel as to the effect of this statute. It was evidently the design of the Legislature to subject the property of the debtor in the custody of the law under prior writs, to levy under subsequent writs of attachment or execution, whether the same were or could be placed in the hands of the same officer or not, thus giving creditors priority according to their diligence, in any interest the creditor may

have in the goods after the prior execution has been satisfied.

The statute we think expressly recognizing the right of any other officer, than the one having custody of the goods, to levy thereon, and as the law will not permit him to take the goods into his own control to the exclusion of the officer in whose possession they are, the inevitable conclusion is, that the best levy admissible under the circumstances must be held to satisfy the law.

A notification to the officer holding the goods, of the writ of attachment and the indorsement of the levy is all that can be done by the officer holding junior writs, and thereafter the officer holding the prior writ must be treated in the law as the custodian of the officer making a second or any subsequent levy, as to any surplus that may arise from the sale of the property, or as to the residue of the goods in his hands after selling sufficient to satisfy his prior lien. In this case the constable indorsed a levy upon his writ, notified the sheriff's custodian and appointed him also as his custodian.

This must be held, we think, a sufficient levy under the statute to give White a lien upon the goods from the date of such levy and consequently entitles him to be first paid out of the surplus funds derived from the sale and placed in the hands of the appellee by agreement.

The judgment of the county court should have been for the appellant.

The judgment will be reversed and cause remanded.

Judgment reversed.